IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>Richard K Winn, and<br>Libia Winn<br><br>        Debtors | NO. 11-19560<br><br>Adv. Proceeding No._____ |
| Richard K Winn, and<br>Libia Winn<br>        Plaintiffs<br>vs.<br><br>National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust,<br>        Defendant | VERIFIED COMPLAINT TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(8) |

COMES NOW the Plaintiffs, Richard K Winn and Libia Winn ("Plaintiffs"), by and through their attorney, Brad L. Puffpaff, and hereby states:

**JURISDICTION**

1. Plaintiffs reside in Snohomish County, Washington, and are the debtors in the correlating chapter 7 bankruptcy case filed 8/11/2011.

2. Upon information and belief, Defendant is a presently known entity who either loaned Plaintiffs funds, has taken assignment of a loan incurred by Plaintiffs, or is the agency guaranteeing said loan.

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

1

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 1 of 10

3. This Court has jurisdiction under 28 U.S.C.§ 157 and § 1334 to hear this adversary proceeding. Plaintiffs initiate this proceeding under § 157(b)(2)(I) seeking a declaration that the loan from Defendant does not constitute a loan made for an "educational benefit" under Bankruptcy Code section 523(a)(8), and therefore such loan should not be excepted from discharge.

4. In the alternative, Plaintiffs seek a declaration that any such loan, or portion of loan, that may be determined to be a loan for "educational benefit" constitute an undue hardship for the Plaintiffs and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

5. Venue is proper as this bankruptcy case was filed in the Western District of Washington at Seattle and the debtor resides in Snohomish County, Washington.

**FACTS**

6. In 2006, Plaintiffs' minor daughter was struggling with mental heath issues to which they were unable to find effective treatment within their community.

7. Upon significant research, Plaintiffs discovered a promising mental health program for youth offered by West Ridge Academy (the "Academy"), but quickly discovered the cost was more than they could pay.

8. According to the West Ridge Academy's website, the core function of the Academy is to "provide lasting solutions through comprehensive mental health services for youth and their families."

9. The Academy informed Plaintiffs that the cost for treatment could be financed through associated private lenders.

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

2

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 2 of 10

10. The Academy assisted them in completing a loan application with Bank of America N.A. for a loan denominated as a prepGATE loan.

11. The top of the loan application reads "Non-Negotiable Credit Agreement – This is a Consumer Credit Transaction" in bold print.

12. The first two pages completed by Plaintiffs do not indicate or suggest the loan is for educational purposes.

13. Upon approval, Bank of America paid $30,000.00 directly to the Academy.

14. Almost immediately, the loan was transferred, sold, and assigned directly to Defendant, National Collegiate Student Loan Trust 2006-2, or to an intermediary, National Collegiate Funding, LLC, who then immediately transferred, sold and assigned the loan to Defendant.

15. After their daughter attended the Academy for two months, Plaintiffs discovered her condition was worsening, and subsequently withdrew her from the program.

16. The Academy charged approximately $19,000.00 for two months of mental health treatment for Plaintiffs' daughter, and refunded to Plaintiffs approximately $11,000.00

17. Plaintiffs immediately sent the refunded proceeds of $11,000.00 to Defendant via USPS Certified Mail.

18. Upon information and belief, the loan referred to herein is described by Defendant as account number xxxxx4661-001-PHEA.

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

3

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 3 of 10

19. Plaintiffs filed a chapter 7 bankruptcy on 8/11/2011 Case No. 11-19560 where they listed the loan referred to herein and the Defendant's servicer at the time, American Education Services, on Schedule F.

20. Plaintiffs received a discharge on 12/07/2011, and their case was closed 12/14/2011.

21. Defendant, or Defendant's servicer and/or representative, continued collection efforts against Plaintiffs after receiving the discharge order.

22. Defendant has alleged that the loans at issue are "educational loans" and excepted from discharged under 523(a)(8).

23. On 6/22/2017, Defendant filed a Summons and Complaint for Monies Due against Libia Winn in the Superior Court of State of Washington for Snohomish County, Case No. 17-2-06072-31.

24. Defendant has alleged the outstanding balance on the loan is $29,065.08 as of 5/11/2017.

**FIRST CLAIM FOR RELIEF**
**Declaration That the Loan Is Not Excepted**
**from Discharge under 11 U.S.C. § 523(a)(8)**

25. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Section 523(a)(8)(i) of the Bankruptcy Code excepts from discharge an overpayment, loan, or obligation to repay funds received for an *"educational benefit"* when guaranteed or made by a governmental unit, or funded under a non-profit institution.

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

4

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 4 of 10

27. Section 523(a)(8)(ii) of the Bankruptcy Code excepts from discharge obligations to repay funds received as an *"educational benefit"*, scholarship, or stipend.

28. Under either section, the discharge exception only applies to debts for educational benefit.

29. Although the Bankruptcy Code does not define "educational benefit", legislative history of Section 523(a)(8) shows Congress intended the exception to discharge to only apply to post-secondary educational program and institutions.

30. The loan in this case was incurred to pay West Ridge Academy for the mental health treatment of Plaintiffs' minor daughter.

31. West Ridge Academy is a mental health treatment facility for minors.

32. The loan made by Defendant is not for and educational benefit within the meaning of 523(a)(8) of the Bankruptcy Code.

33. West Ridge Academy not a post-secondary educational institution, nor does it provide a post-secondary educational program.

34. As a result, the amount of the debt due Defendant has been discharged pursuant to Bankruptcy Code § 727.

**SECOND CAUSE OF ACTION**
**Dischargeability under 11 U.S.C. § 523(a)(8)**

35. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Should the court determine that any portion of the loan was made for an educational benefit under Section 523(a)(8), Plaintiffs alternatively claim repayment of the loan would impose an undue hardship on Plaintiffs.

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

5

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 5 of 10

37. Under the Brunner Test, a debtor must establish that 1) based on current income at the time of filing bankrputcy Plaintiffs cannot maintain a "minimal" standard of living if forced to repay the loan; 2) the state of affairs is likely to persist for a significant portion of the repayment period; and 3) Debtor has made a good faith effort to repay the loan.

38. Plaintiffs' only income at the time of filing was unemployment compensation in the amount of $1,449.10, as indicated on Plaintiffs' Schedule I.

39. Plaintiffs' monthly expenses as listed on Schedule J. totaled $1,799.00, showing a net loss of $349.90.

40. Plaintiffs expenses on Schedule J are reasonable expenditures, however, they do not include a mortgage/rental expense, or payment for an education loan.

41. Based on Plaintiff's Schedules, they were unable to maintain a minimal standard of living, which would have worsened if required to pay the debt owed to Defendant.

42. Presently, Plaintiffs monthly household income is $4,166.00. Their monthly expenses total $4,483.00 for a monthly loss of $317.00.

43. Plaintiff's are both presently employed, and although their income has increased since filing bankruptcy, their expenses have also increased.

44. Plaintiff's current monthly expenses are reasonable expenditures, and do not include any payments toward an educational loan.

45. Plaintiff Libia Winn suffers from rheumatoid arthritis, which is a chronic health issues that limits her ability to work.

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

6

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 6 of 10

46. Plaintiffs are both approaching retirement age, with a combined retirement account value of approximately $23,000.00.

47. Due to health, skill, and health limitation, Plaintiffs' employment, income, and retirement savings is unlikely to improve.

48. As a result, Plaintiffs are unlikely to have sufficient funds to permit them to retire at a reasonable age if required to pay the loan owed to Defendant.

49. For the past six years Plaintiffs have been unable to maintain a minimal standard of living.

50. Plaintiffs are still presently unable to maintain a minimal standard of living.

51. Since 2006, Plaintiffs have made several small payments toward the loan despite significant financial hardship.

52. Upon Defendant's request for payment, Plaintiffs have made repeated offers to make small payments over time including payments of $25 and $80 per month.

53. The loan made by Defendant does not qualify for an income based repayment plan.

54. Despite their good faith efforts to repay, Plaintiffs cannot maintain a minimal standard of living now or in the foreseeable future if required to pay the loan.

55. Plaintiffs' inability to maintain a minimal standard of living is likely to persist for a significant portion of the repayment period of the loan, including into Plaintiffs' retirement years.

56. Excepting the loan from discharge under 523(a)(8) would impose an undue hardship on Plaintiffs.

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

7

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 7 of 10

## THIRD CAUSE OF ACTION
## Violation of Discharge Injunction under 11 U.S.C. § 524

57. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 of this Complaint as if fully set forth herein Plaintiff is permanently disabled and unable to obtain employment.

58. Although violations of the discharge injunction are generally brought by a Motion for Contempt, Plaintiffs are including this cause of action in this adversarial proceeding because it depends on the outcome of the case.

59. In the event the court determines the loan made by Defendant was not for an educational benefit, and therefore subject to discharge under 11 U.S.C. §727, Plaintiffs seek an order of contempt under 11 U.S.C. §105 for Defendants violation of the discharge injunction.

60. Defendant has made repeated attempts to contact and collect payment on the loan made to Plaintiffs.

61. Defendant has in fact contacted and collected payments from Plaintiffs toward the loan.

62. Defendants commenced a civil action in Snohomish County Superior Court against Plaintiff Libia Winn on 6/22/2017.

63. Defendants actions are in violation of the discharge injunction under 11 U.S.C. §524.

64. As a result of Defendant's actions, Plaintiffs have incurred actual damages including court cost and attorney fees.

WHEREFORE, Plaintiffs respectfully request:

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

8

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 8 of 10

1. That summons be issued for service upon Defendants;

2. That the Court declare Defendants loan to Plaintiffs was not for an "educational benefit", and, therefore, has been discharged under §727 of the Bankruptcy Code;

3. In the alternative, that the Court determine pursuant to 11 U.S.C. §523(a)(8) that all or part of the loan obligation to Defendant be discharged as it would impose an undue hardship on Plaintiffs;

4. An order of contempt against defendants awarding Plaintiffs damages, costs and attorney's fees;

5. Leave to amend pleadings to conform to the evidence at trial or as may otherwise be necessary; and

6. Such other relief to which Plaintiffs may be entitled as a matter of law, or which may be just and proper.

Dated this 22nd day of August, 2017.


/S/ Brad Puffpaff
Brad Puffpaff, WSBA #46434
Attorney for Plaintiff

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

9

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 9 of 10

## VERIFICATION

I declare under penalty of perjury under the laws of the state of Washington that I have read the foregoing complaint, know the contents, and that the foregoing complaint is true and correct to the best of my knowledge and understanding.

Dated this 22nd day of August, 2017

_____
Richard K. Winn, Plaintiff

_____
Libia Winn, Plaintiff

Verified Complaint to
Determine Dischargeability
under 11 USC 523(a)(8)

10

Bountiful Law, PLLC
4620 200th Street SW, Suite D
Lynnwood, WA 98036
425-775-9700 Fax 425-633-2465

Case 17-01147-MLB    Doc 1    Filed 09/11/17    Ent. 09/11/17 11:36:43    Pg. 10 of 10